UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE WAGNER, <u>et al.</u>, ) | NO. ED CV 08-0342 UA (FMO) |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER TO SHOW CAUSE** |
| ) | |
| GARY PENROD, <u>et al.</u>, ) | |
| ) | |
| Defendants. ) | |
| ) | |

On January 18, 2008, plaintiffs Jesse Wagner ("Wagner"), Robert Aviles ("Aviles"), Brian Cronin ("Cronin"), Damone Heron ("Heron") and Anthony Nunez ("Nunez") (collectively, "plaintiffs"), sought leave to file a Complaint, pursuant to 42 U.S.C. § 1983, without prepayment of fees. Although plaintiffs lodged only one Complaint, each filed a separate Application to Proceed Without Prepayment of Filing Fees ("Application").[1] Because plaintiffs are incarcerated and proceeding <u>pro se</u>, it is appropriate to notify them of the ramifications of proceeding collectively in this action.

As an initial matter, plaintiffs should be aware that, pursuant to 28 U.S.C. § 1915(b), each of them will be responsible for paying the full amount of the filing fee of $350.00. Specifically, the

---

[1] Heron filed his Application to Proceed Without Prepayment of Filing Fees on March 12, 2008.

court will assess an initial partial filing fee of $22.00 for Wagner, $77.00 for Cronin, and $21.00 for Nunez.[2] Wagner, Cronin and Nunez will each have to pay their initial partial filing fee within thirty (30) days of the date the court files an Order granting plaintiffs leave to file their Complaint without prepayment of the full filing fee. Any plaintiff who fails to remit the initial partial filing fee within the requisite time period will be dismissed from the action. Thereafter, each plaintiff "shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] prisoner[] account[]" until the full filing fee has been paid by each plaintiff. 28 U.S.C. § 1915(b)(2).

In addition, each plaintiff must sign every pleading filed with the court and all plaintiffs are liable for any sanctions imposed pursuant to Federal Rule of Civil Procedure 11.[3] Further, pursuant to 28 U.S.C. § 1915(g), if this action is dismissed on the grounds that "it is frivolous, malicious, or fails to state a claim upon which relief may be granted," all plaintiffs will incur strikes.[4]

---

[2] Aviles and Heron will not be required to make initial partial filing fee payments because their average monthly deposits or average monthly balances for the six month period prior to the lodging of the Complaint is so low that it would be impractical to require either of them to pay any initial fee.

[3] Federal Rule of Civil Procedure 11 provides that any of the following conduct may result in the imposition of sanctions:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: [¶] (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [¶] (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [¶] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and [¶] (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b); see also id. at 11(c).

[4] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior

1  Finally, plaintiffs should be aware that complaints challenging prison-wide practices, such as the
2  one at issue in this case, do not require more than one plaintiff.
3        Based on the foregoing, IT IS ORDERED THAT any plaintiff wishing to withdraw as a
4  named plaintiff in this action shall file a document entitled "Notice of Withdrawal" by **April 21,**
5  **2008**, setting forth his desire to be dismissed as a plaintiff in this action.
6        The Complaint will not be filed until after the time for plaintiffs to file a Notice of Withdrawal
7  expires. Thus, any plaintiff who files a timely Notice of Withdrawal will not be required to pay the
8  filing fee. The court will assume that any plaintiff who does not file a Notice of Withdrawal by the
9  above referenced date wishes to remain a named plaintiff in this action. The court will then, as
10 described above, assess initial partial filing fees and proceed with the screening of the Complaint.
11 Dated this 20th day of March, 2008.

                                                          /s/
                                        Fernando M. Olguin
                                    United States Magistrate Judge

---

    occasions, while incarcerated or detained in any facility, brought an action or appeal
in a court of the United States that was dismissed on the grounds that it is frivolous,
malicious, or fails to state a claim upon which relief may be granted, unless the
prisoner is under imminent danger of serious physical injury.

3